White, J.
The case of Hemminway v. Davis et al. has already been before this court, and is found reported in 17 Ohio St. 231. In that instance Davis was the plaintiff in error, and on the case being remanded to the District Court, the judgment was rendered which Hemminway now seeks to have reversed.
When the case was before the court, at the time referred to, it was supposed both by the counsel then engaged in the case and the court, that the May term of the Court of Common Pleas of Union county for the year 1859 was held under the order of the judges issued in accordance with the act of April 12, 1858. 55 Ohio L. 82. The order was embodied in the bill of exceptions taken- in the case, and was referred to as the only authority under which the term of the court was held at which the judgments in question were rendered. The time fixed by the order for the commencement of the term was the 9th day of May, at 10 o’clock A. M. The journal of the court showed that the *161 court convened on the day named, “in pursuance of law.”1 In the court below, parol evidence wa3 admitted to show that the court did not in fact convene until in the afternoon. This was held to be error, and that the record was conclusive evidence that the term of the court began at 10 o’clock a. m. ; and that for the purpose of affecting-the lien of a judgment, it was not competent to show that the court in fact opened at a later hour.
It now appears that on the 9th of February,1859,an act was passed fixing the terms of the Court of Common Pleas, and of the District Court, in the several counties throughout the state, for the year 1859. 56 Ohio L. 14. In the county of Union, the May term was to commence on the same day-prescribed in the order of the judges. It is likewise to be observed that the sections in the act of April 12, 1858,. under which the judges fixed the terms for the year 1859, were repealed by the act of April 6, 1859, without any saving clause In favor of the authority exercised by the-judges under the former act. 56 Ohio L. 238.
Under this state of legislation, it is contended for Messenger, the mortgagee : (1) That the May term of the court was held solely under the act of February 9, 1859; and (2) that under the authority of Follett v. Hall, 16 Ohio, 111, and of Holliday v. The Franklin Bank, Id. 533, it is competent to show by parol evidence the time of the day at which the session of court in fact commenced, for the purpose of ascertaining when a judgment lien attached. We assent to the first of these positions, but can not to the second.
In neither of the cases referred to, did the question arise as to admitting parol testimony to prove the time at which the court in fact convened. The mortgage in each case was filed for record at 8 o’clock a. m. on the first day of the term. In the first case the journal of the court appears to have shown the hour at which the court convened. See the dissenting opinion Birchard, J., p. 116. In the last case the hour is not stated. But there was no disputed question of fact as to the time in either case. The statute made it *162 the duty of the grand and petit jurors to attend the court on the first day of the term, at 10 o’clock a. m. 1 S. & C. 752. The same statute was in force at the time of the holding of the term in question, and is still in force, with a modification allowing the judge to order the venire for the petit jury to be returned at a subsequent day of the term. S. &. S. 411; 70 Ohio L. 169.
It is as clearly the duty of the judge to be present at that time as it is the duty of the jurors. And it seems to us, in view of the cases cited, that in the absence of the contrary appearing from the journal of the court, the legal presumption is that the court opened at the hour named, and that ■this presumption ought to be conclusive. Such is the effect of the holding in Davis v. Messenger, supra.
The time at which judgment liens attach affects the validity of titles, and public policy requires that the rule •on the subject should be certain and uniform. Such liens ■ought not to be dependent on the uncertain and conflicting recollection of witnesses; nor ought they to be liable to be affected by the fact as to whether the testimony of the persons concerned in or cognizant of the holding of the court, is attainable or not. The same public policy that leads to the creation of such liens, requires that there should be •certainty in the mode of ascertaining when they attach. This certainty can only be obtained by holding that the fact is to be determined by the record of the court and the presumption arising therefrom, taken in connection with the law under which the court is held.
The decision in Follett v. Hall, and the one following it in Holliday v. The Franklin Bank, have to a certain extent become a rule of property. If, after the time that has ■elapsed since these cases were decided, it is deemed advisable to change the rule, it should be done by legislation rather than by decision.
But while we are not called on to review these cases, we ■do feel bound not to adopt a course- of reasoning sought to be derived from them, which, in our judgment, can not fail to lead, in practice, to mischievous results.
*163 "Without, therefore, questioning the authority of these decisions when applied to the actual cases then before the court, we think they ought not to be extended so as to allow parol evidence to control the effect of the record of the ■court as to the commencement of the term. We are of ■opinion, therefore:
1. That the time of the commencement of a term of court is to be determined by the record of the court in connection with the statute under which the term is held, and that parol evidence is not admissible for the purpose.
2. That in determining the question of priority between the lien of a judgment and the lien of a mortgage filed for record on the first day of the term, when the record fails to show the hour at which the court met, the session of the court will be presumed to have commenced at 10 o’clock A. M., that being the hour on the first day of the term fixed by statute for the return of the venires for the grand and petit juries, and at which time the court, where a different hour has not been prescribed, ought to have opened.
The remaining question is, whether the court, after finding that the judgment liens were prior to the lien of the mortgage, erred in holding Mrs, Hemminway to be estop-, ped by the finding in the former suit from claiming the priority for her judgment to which it would otherwise have been entitled. In this we think the court erred. It is to be observed that the necessary parties were not before the court in that case, so that a complete decree marshaling the liens and ordering the premises to be sold free of incumbrances could not be made. Furthermore, the question of priority, as between Messenger and Hemminway, was practically immaterial in that case, the property being more than sufficient to discharge the liens of both. The finding in the decree and the sale under it were made on the mistaken supposition that all the lien-holders were before the court. If such had been the fact, the effect of the sale would be to discharge the property of all incumbrances. This was supposed to have been the effect of the sale. The sale was accordingly confirmed, a deed *164 ordered to be made to the purchaser, and the case was; ordered to be continued for the distribution of the proceeds of the sale.
The petition of Davis, who was no party to the former suit, brings all the parties before the court, sets out the erroneous character of the former decree, and seeks to have the proceeds of the sale distributed to the parties according' to the priority of their several liens, without respect to the former decree. The purchaser is also made a party; and all seem to have acquiesced in treating the fund derived from the sale as being substituted for the property.
Under this state of the case, there seems to be no ground on which the finding in the former suit can be used by way of estoppel in this, in which new parties and interests are brought before the court. Estoppels are founded on-mutuality, and to the extent that one of the parties in interest is bound by the estoppel, all must be. Davis having been no party to the former suit is not affected by the decree. His judgment is superior to the mortgage, and coequal with the judgment of Hemminway. If the liens are-to be given priority in the distribution according to their merits, the judgments will be first paid. Ey making the distribution on tbe basis of the supposed estoppel, the Davis judgment would be entitled to the fund as against the mortgage, in which the Hemminway judgment would be equally entitled to share, and as the fund would come to-the Hemminway judgment, the mortgage would be again-entitled to it under the former decree. As the fund is insufficient to discharge all the liens, this course of reasoning' would leave the fund undisposed of. The claim that the-finding in the former suit ought to be conclusive between the same parties in the present ease, leads to the anomalous-result, that as to the two judgments which are equally entitled to share in the fund to be distributed, the one would-be preferred and the other postponed, in making the distribution, to the lien of the mortgage pn the sanie fund.
It may be claimed that the effect of the former decree was to transfer Hemminway’s right of priority- to Messenger,. *165 the mortgagee, and that in the distribution to be made in the present suit, the mortgage ought to be substituted in place of the judgment.
“We do not think so. That decree was rendered on the ■case then made, which was that the whole of the proceeds of the sale of the property was subject to be applied to the payment of the mortgage and judgment then before the court.. It was as clearly provided that so much of the proceeds of the sale as might be necessary for the purpose, after the payment of the mortgage, should be applied to the judgment, as it was that the mortgage debt should be paid. The former decree, when set up as an estoppel, must, if it ■operates at all, operate as an entirety. A party can not be deprived of the benefits of a decree, and yet be compelled, by estoppel, to bear its burdens. When, therefore, at the •suit of a party in interest, who ought to have been made a party to the original suit, but was not, it becomes necessary, in the distribution of a fund, to disturb and unsettle the findings of the decree rendered in the former suit, such -decree can not be pleaded as an estoppel, to preclude the court from awarding to each lien priority in the distribution according to its merits.
The record in the suit of Hemminway and wife v. Johnson, Messenger, et al., is also before us on error. That case was argued and submitted with the case we are now considering. The error assigned is the giving of priority to the mortgage. No bill of exceptions was taken in the case? nor does the record in that case otherwise show the facts on which the questiou of priority was determined. In the absence of such showing, the presumption is that the judgment of the court as to the priority was in accordance with the facts appearing on the trial. The judgment in that case must, therefore, be affirmed. The affirmance, however, gives no additional effect to the judgment. Hence the rights of the parties in the second suit remain the same as if there had been no petition in error to the judgment rendered in the first.
For the reasons already stated, the judgment in Hemmin *166 way v. Davis et al. will be reversed, and the cause remanded for further proceedings.
Hay, C. J., McIlvaine, 'Welch, and Stone, JJ., concurring.